UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EATON CORPORATION | ) | |
| 1000 Eaton Boulevard | ) | |
| Cleveland, Ohio 44122 | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE |
| vs. | ) | |
| | ) | COMPLAINT FOR DECLARATORY |
| FACTORY MUTUAL INSURANCE | ) | JUDGMENT |
| COMPANY dba FM GLOBAL | ) | |
| P.O. Box 7500 | ) | |
| Johnston, Rhode Island 02919 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| 270 Central Avenue | ) | |
| Johnston, Rhode Island 02919 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Eaton Corporation ("Eaton"), for its complaint against Defendant Factory Mutual Insurance Company dba FM Global ("FM Global"), alleges as follows:

1.       This action arises from FM Global's failure to pay for losses resulting from damage to Eaton's insured property under an "all risks" property insurance policy issued by FM Global.

2.       Pursuant to the insurance policy at issue (as more fully described below), FM Global agreed to insure Eaton against all risks of physical loss or damage to covered property, and agreed to indemnify Eaton for all losses incurred as a result of the interruption of Eaton's business ("Time Element loss").

3.       Despite undertaking this contractual duty, and contrary to the plain language of the subject policy and applicable law, FM Global has failed to honor its obligations.

## PARTIES, JURISDICTION, AND VENUE

4.     Eaton is incorporated under the laws of the state of Ohio with its principal place of business in Cleveland, Ohio.

5.     On information and belief, FM Global is a Rhode Island corporation with its principal place of business in Johnston, Rhode Island. FM Global does business in the state of Ohio.

6.     This action is brought by Eaton against Defendant FM Global for declaratory judgment pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. Code §2201(a), 28 U.S. Code §1332, and other statutory and procedural grounds.

8.     There is complete diversity of citizenship and the amount in dispute addressed in Count I, below, exceeds $75,000.

9.     This Court has *in personam* jurisdiction over FM Global because FM Global transacts insurance business in the State of Ohio and/or has established the required minimum contacts with the State of Ohio.

10.     Venue properly lies in this Court pursuant to 28 U.S.C. §1391(b) because the insurance policy issued to Eaton, which is the subject matter of this action, was negotiated and issued in Cuyahoga County, Ohio.

## FACTUAL ALLEGATIONS

### Hurricane Maria

11.     Eaton owns and operates several production and assembly facilities in Puerto Rico and the Dominican Republic.

12.     In September 2017, Eaton suffered significant property damage arising from Hurricane Maria at the following facilities in Puerto Rico: Canóvanas, Arecibo, Las Piedras, and Coamo.  The hurricane also severely impacted the foregoing facilities' production capabilities, as well as the production capabilities at Haina, Dominican Republic (collectively, the "Facilities").

13.     As a result of Hurricane Maria, Eaton has suffered property damage, claim submission costs, debris removal costs, and substantial Time Element loss.

### The Insurance Policy

14.     FM Global issued Insurance Policy No. 1022114 to Eaton for the period of 1/1/2017 through 1/1/2018 (the "Policy").  A true and accurate copy of the Policy is attached to the Complaint as Exhibit A.

15.     All conditions and requirements imposed by the Policy upon Eaton, including paying premiums and providing notices of a claim, have been satisfied and/or have been waived and/or are subject to an estoppel against FM Global.  The Policy has been in full force and effect at all pertinent times.

16.     The Policy provides that it will cover the property insured against all risks of physical loss or damage unless specifically excluded.  The Facilities are insured property under the Policy.

17.     The Policy also requires FM Global to reimburse Eaton for costs that Eaton incurs for debris removal, claim presentation costs, and Time Element loss directly resulting from physical loss or damage to insured property.

18.     Eaton has sustained losses covered by these provisions of the Policy, including Time Element loss resulting from the interruption of the Facilities' production.

## The Parties' Dispute Regarding the Deductible Provision

19.     Eaton promptly notified FM Global of the losses suffered by the Facilities as a result of Hurricane Maria, and demanded that FM Global honor its obligations under the Policy, subject to the Policy's limit of liability and deductible provisions.

20.     The Policy includes a Time Element deductible provision which states that the Time Element deductible calculation will be predicated upon only the value of locations "where physical damage happened" plus locations "where TIME ELEMENT loss ensues" that were "directly affected" by Hurricane Maria.

21.     Specifically, the Policy states that, with respect to Time Element loss, Eaton will retain a 3% deductible per "location" calculated as follows:

> Time Element – % of the full Time Element values that would have been earned in the 12 month period following the **occurrence** by use of the facilities at the **location** where the physical damage happened, plus that proportion of the full Time Element values at all other **locations** where TIME ELEMENT loss ensues that was directly affected by use of such facilities and that would have been earned in the 12 month period following the **occurrence.**

22.     The Policy therefore contemplates that only the locations that are part of the Time Element claim be included as part of the Time Element deductible calculation.

23.     Eaton therefore properly included only the Facilities in the calculation of the Time Element deductible.

24.     FM Global, however, has taken the position that the calculation of the deductible for Time Element loss includes not only the values for the Facilities (i.e. locations that suffered physical damage, or locations where Time Element loss ensued that were directly affected by Hurricane Maria), but also the values of *all* downstream locations where products are shipped.

25. FM Global has taken this position despite that these downstream locations suffered no property damage as a result of Hurricane Maria and, because of Eaton's mitigation efforts, the downstream locations suffered no Time Element loss arising from Hurricane Maria.

26. Thus, contrary to the plain language of the Policy, FM Global asserted that the Time Element loss deductible calculation should factor in downstream locations where there was no physical damage, no ensuing loss, and no direct effect.

27. Moreover, based upon FM Global's interpretation of the Time Element deductible, the deductible amount would exceed Eaton's Time Element loss and therefore the ability to recover under the Policy.

## COUNT I – DECLARATORY JUDGMENT

28. Plaintiff Eaton repeats and realleges the allegations contained in paragraphs 1 through 27 of this Complaint as if fully rewritten here.

29. Pursuant to the terms of the Policy, FM Global is obligated to indemnify Eaton for, among other things, the Time Element loss that the Facilities sustained arising from Hurricane Maria.

30. Although FM Global has generally acknowledged coverage obligations under the Policy, to date it has failed to honor any such obligations.

31. The only purported justification FM Global has offered for failing to honor its coverage obligations is its interpretation and application of the Time Element deductible provisions in the Policy.

32. More specifically, FM Global has asserted that the deductible calculation for the Time Element aspect of the claim should take into account facilities that are not even at issue in the

claim, i.e., facilities that have not suffered physical damage or Time Element loss arising from Hurricane Maria.

33. FM Global's position is inconsistent with the plain language of the Policy and controlling law.

34. Accordingly, an actual and justiciable controversy exists between Eaton and FM Global and the issuance of declaratory relief will resolve the existing controversy between Eaton and FM Global.

## **PRAYER FOR RELIEF**

WHEREFORE, Eaton respectfully requests that the Court enter judgment against FM Global on Count I of the Complaint, declaring the rights of Eaton and the obligations of FM Global under the Policy in regard to the deductible provisions, and for any other relief that this Court deems just and proper.

BROUSE MCDOWELL

Dated: May 21, 2018

/s/ Amanda M. Leffler
Amanda M. Leffler (0075467)
Paul A. Rose (0018185)
David L. Sporar (0086640)
388 South Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Fax: (330) 253-8601
aleffler@brouse.com
prose@brouse.com
dsporar@brouse.com

***Counsel for Plaintiff Eaton Corporation***